IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:08-CV-3 |
| | ) | |
| GEORGE S. SEGAL | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TOMMIE BURNS JR. | ) | |
| | ) | |
| Defendants | ) | |

**Defendant Burns' Motion for Transfer of Venue,**
**Or, In the Alternative, Motion to Stay or Dismiss**

Comes the Defendant, Tommie Burns, Jr. ("Mr. Burns"), by counsel, and moves this Court

to transfer this matter to the United States District Court for the Western District of Kentucky as to

the portion of the action asserted against him, or, in the alternative, to stay this action as to him

pending adjudication in the matter of *Tommie Burns, Jr. v. United States of America*, Civil Action

No. 3:99-CV-727-C in the United States District Court for the Western District of Kentucky, a

matter filed prior to the current action before this Court in which a settlement was reached by Mr.

Burns and the United States as to the subject matter of this suit against him. Alternatively, this Court

should dismiss this action. A Memorandum in support of this motion is filed herewith.

Respectfully Submitted By:

Thomas E. Buck, Esq.
W.Va. Bar ID # 6167
Daniel Tomassetti, Esq.
W.Va. Bar ID # 4367
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV   26003
Telephone: (304) 233-3100
Fax: (304) 233-0201
E-mail:tbuck@baileywyant.com
E-mail: dtomassetti@baileywyant.com
*Counsel for Tommie Burns*

CERTIFICATE

I hereby certify that on the ____ day of ___, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

DANIEL W. DICKINSON JR.                    Counsel for Plaintiff, United States of America
Assistant United Stated Attorney
Dan.Dickinson@usdoj.gov


MICHAEL J. SALEM                           Counsel for Plaintiff, United States of America
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Michael.J.Salem@usdoj.gov


I further hereby certify that I have mailed on the same date, by United States Postal Service, the document to the following non-CM/ECF participants as a courtesy:

F. LARKIN FORE   Kentucky Counsel for Defendant, Tommie Burns,
SARAH FORE WHITTLE                         Jr., in WDKY Civil Action No. 3:99-CV-727-C
FORE, MILLER & SCHWARTZ
First Trust Center, Suite 700 N.
200 South Fifth Street
Louisville, Kentucky 40202
flfore@foreandschwartz.com
sfore@foreandschwartz.com


Thomas E. Buck, Esq.
W.Va. Bar ID # 6167
Daniel Tomassetti, Esq.
W.Va. Bar ID # 4367

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:08-CV-3 |
| ) | |
| GEORGE S. SEGAL ) | |
| ) | |
| and ) | |
| ) | |
| TOMMIE BURNS JR. ) | |
| ) | |
| Defendants ) | |

Memorandum by Defendant Burns For Transfer of Venue, Or,
In the Alternative, To Stay or Dismiss

Comes the Defendant, Tommie Burns, Jr. ("Mr. Burns"), by counsel, and files this

Memorandum of Law and Fact in support of his motion to transfer this matter to the United

States District Court for the Western District of Kentucky ("WDKY") as such pertains to

him, or, in the alternative, to stay this action as to him pending adjudication in the WDKY

of litigation previously pending between Mr. Burns and the United States in the WDKY,

*Tommie Burns, Jr. v. United States of America* , Civil Action No. 3:99-CV-727-C.

Alternatively, this Court should dismiss the present action.

FACTS

Mr. Burns filed a complaint against the United States in the WDKY in 1999 to

recover a 100% tax penalty assessment he asserted was wrongfully made against him and

partially collected by the Internal Revenue Service. The United States filed a counterclaim

against Mr. Burns for the unpaid taxes as well as for penalties and interest assessed related

to the operation of the OSCM Shirt Corporation which was the 100% tax penalty assessment contested by Mr. Burns in his complaint. This tax, penalty and interest is the same tax, penalty and interest which the United States seeks to collect in the present action.

*Tommie Burns, Jr. v. United States of America*, Civil Action No. 3:99-CV-727-C was set for trial before the District Court on October 21, 2002. The District Court referred the matter to Magistrate Judge James B. Moyer to resolve discovery disputes and to conduct a settlement conference. Judge Moyer entered an order requiring the attorney(s) who would try the case on behalf of the parties to be present at the settlement conference and specifically required a person with ***full settlement authority*** to attend the settlement conference. See attached order entered June 7, 2002, Exhibit 1. The order and the addendum thereto specifically stated that having a person who could call someone else for authority by phone would be a violation of the WDKY's order. Mr. Burns appeared in person with his counsel for the settlement conference. Aneida P. Winston, the Department of Justice trial attorney assigned to the case, appeared on behalf of the United States.

At the settlement conference held September 4, 2002 and despite the Court's order, Counsel for the United States represented to counsel for Mr. Burns that she had to call a supervisor for settlement approval. She did so and represented to Mr. Burns, his counsel and the Court that the settlement terms were acceptable to the Department of Justice. The parties reduced the agreement to an informal writing and gave it to the Magistrate Judge unsigned. See Exhibit 2. Judge Moyer entered an appropriate report to the District Judge scheduled to try the matter, indicating a settlement had been reached and remanding the trial date. See Exhibit 3.

After several months, the United States sought to re-instate the matter because Mr.

Burns had not paid the agreed upon amount. The United States contended that a settlement had not been reached. The District Court referred the matter to Judge Magistrate Moyer to make a determination as to whether the case had been settled.

Judge Moyer conducted a hearing and made specific findings which detail the facts and circumstances. He concluded that a settlement had been reached. He also recommended that monetary sanctions be imposed on the United States. No exceptions were filed to his Findings of Fact, Conclusions of Law, and Recommendations filed July 7, 2003. See Exhibit 4. Among other things, the Magistrate Judge found:

1)      The attorney representing the United States had read the Court's order requiring the trial attorney to appear with full settlement authority;

2)      That despite such, she was in fact in contact with one of her supervisors during the conference to obtain settlement authority;

3)      That she had informed her supervisor of most the terms of the settlement agreement;

4)      That she thereafter represented to Mr. Burns and his counsel that the terms were acceptable to the Department of Justice and required only the formality of having the Attorney General sign off on it; and

5)      That she represented to Mr. Burns and the Court that she had reached an agreement with Mr. Burns regarding the principal terms of the agreement with only formalities to be observed.

See Findings of Fact, Conclusions of Law and Recommendation entered July 7, 2003, Exhibit 4.

On July 21, 2003, Kentucky counsel for Mr. Burns received a letter from the United

States stating the "offer" by Mr. Burns had been accepted by the Attorney General. Exhibit 5. Mr. Burns was still unable to pay the settlement amount. On March 29, 2004 and April 28, 2004, Kentucky counsel for Mr. Burns received letters from the United States, this time by DOJ Tax Attorney Michael J. Salem, stating among other things that the United States would file suit to enforce the settlement agreement reached if payment was not tendered by Mr. Burns within ten (10) days. See Exhibits 6 and 7 hereto. Kentucky counsel for Mr. Burns answered by letter dated May 3, 2004 and informed Mr. Salem that Mr. Burns acknowledged the debt pursuant to the settlement agreement and intended to pay, but did not have the ability to pay at that time. See Exhibit 8.

The United States then filed a second lawsuit (on May 18, 2004) against Mr. Burns in the WDKY, styled *United States of America v. Tommie Burns, Jr.*, Civil Action No. 3:04-CV-00296-R, claiming breach of contract as to the settlement. See Complaint, Exhibit 9. On January 6, 2005, that case was dismissed on motion of the United States. See Order, Exhibit 10.

Thereafter (approximately early March 2006), Kentucky counsel for Mr. Burns informed the United States, through Mr. Salem, that Mr. Burns had acquired the funds to pay his obligation under the settlement and requested a final figure, including any additional interest owed. Mr. Salem advised Kentucky counsel as to the settlement amount due including additional accrued interest by a letter dated January 17, 2006 (believed to be incorrectly dated and actually sent on or about March 28, 2006) received on April 3, 2006 by Kentucky counsel. See letter, Exhibit 11.

On April 7, 2006, Kentucky counsel for Mr. Burns sent his firm's escrow check in the amount of $101,247.10 (being $100.00 in excess of the amount stated in Mr. Salem's letter).

The extra $100.00 was to cover any additional interest accrued since March 28, 2006. A copy of the letter with the attachments sent to Mr. Salem is attached hereto as Exhibit 12. Kentucky counsel received no response from Mr. Salem or anyone else on behalf of the United States. When the check did not clear, Kentucky counsel sent a letter dated June 1, 2006 to Mr. Salem asking him the status. Exhibit 13. Various calls to Mr. Salem were unavailing. The United States never responded in any fashion and the tendered check was never negotiated. The funds for said check have remained in Kentucky counsel's escrow account since that time with no further communication about this matter until the Complaint was filed in 2008 with this Court.

## ARGUMENT

The United States asserted its claim for unpaid taxes against Mr. Burns in its counterclaim in the 1999 case before the WDKY. The matter was resolved at a settlement conference, as is painstakingly detailed in Judge Moyer's Finding of Facts, Conclusions of Law and Recommendation, Exhibit 4. No objections were filed by the United States and, as such, no appeal or further objection is permitted. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b). The matter is *res judicata*. Payment was tendered by Mr. Burns. Two years after payment was tendered, the United States filed the present suit in a different district seeking a different result.

### Transfer to the Western District of Kentucky Is Appropriate Under 28 U.S.C.A. § 1404 and Federal Case Law

28 US.C.A. § 1404(a) provides as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This is the third attempt by the United States to enforce its claimed tax liability. It is abundantly clear that this matter has been settled. That matter is *res judicata*. The filing of this action appears to be a completely unveiled attempt to disregard what occurred in the WDKY. It is a mystery to Kentucky counsel for Mr. Burns why the United States did not accept the check or respond to his inquiries. The United States has already been sanctioned once in this matter. See Exhibit 4, pages 12-14. This action should be referred back to WDKY to require the United States to accept the sum which was tendered and to face whatever sanctions, if any, are deemed appropriate for the pursuit of this duplicate action. If ever there was a case of someone trying to bend the rules in the good name of the United States, this is it. Judge Moyer in his findings requires the government to play by the same rules as any other litigant. See Exhibit 4, page 13. Apparently one attorney for the United States does not agree.

The WDKY is the more convenient forum. It is the place where the parties have twice litigated the very issue now raised in the Northern District of West Virginia. There can be no honest controversy that the Court may transfer the present civil action pending before it because the WDKY is a district in which suit "might have been brought" because such litigation was in fact brought by the United States against Mr. Burns by counterclaim in 1999 and by its own separate complaint in 2004 in the WDKY. 28 U.S.C.A. § 1404(a).

The purpose of 28 U.S.C.A. § 1404(a) is to prevent duplicate trials of the same or similar subject matter. It provides for a transfer to another district in the event the same or substantially similar matter has been filed there. This motion does not affect Defendant Segal or the United States' claims against him. The claim by the United States as to Mr. Burns is easily severed from that of Defendant Segal for transfer to the WDKY, for stay

pending resolution in the WDKY or for dismissal. Clearly the matters between Mr. Burns and the United States have been litigated in the WDKY.

Here, it would be appropriate to sever the Burns matter from that of Segal, and transfer the Burns matter to the WDKY where it has already been litigated. *Leesona Corp. v. Cotwool Mfg. Corp.,* 204 F.Supp. 139 (W.D.S.C. 1962), if the court declines to transfer or dismiss.

Venue is proper and convenient for Mr. Burns and the United States in the WDKY as they have twice previously presented themselves to that court. Not only is that court the more familiar with the background facts of the case, but the records of the WDKY are certainly relevant to the matter now pending before this Court. See also, e.g., *Wright v. Amer. Flyners Airline Corp.,* 263 F.Supp. 865 (D.S.C. 1967) (citing 28 U.S.C.A. § 1404(a)).

It is proper to transfer the case before this Court to the WDKY in the interest of justice due to the similar actions previously filed in the WDKY. If there are any issues remaining regarding the settlement reached on the matter of the taxes owed by Mr. Burns to the United States, it would only be proper for the WDKY to decide those issues. Otherwise, the parties would take up the time and resources of this Court litigating a matter that has been resolved and settled in the WDKY. A settlement was reached as determined by the Court and is *res judicata* . The United States failed to accept the tendered payment. The United States is not now permitted to commence a new lawsuit in West Virginia in an attempt to achieve a different result than that reached in the WDKY. Forum shopping in an attempt to achieve a different outcome from that received in the WDKY is not permitted. *General Tire & Rubber Co. v. Watkins,* 373 F.2d 361 (4th Cir. 1967). In *General Tire,* the Fourth Circuit held it was error for the court not to grant a motion for transfer to another district to "save

time and effort" and reiterated that forum shopping must not be indulged, especially in cases of multiple litigation where the "shopper" is offered an equally convenient forum in another district. *Id.* at 369. The Fourth Circuit noted the judicial time and energy already expended by the first suit and the waste it would cause for another court to become educated on the relevant facts and issues of law involved in both cases. It further held that a transfer to the other district court involving the same parties and similar issues would be granted in order to prevent wasteful and useless duplication of time and effort of federal courts by litigating substantially similar issues in two different courts. *Id.* at 368.

Here, there is no concern upon transfer about whether the action against Mr. Burns can be consolidated with the 1999 WDKY case. The claims by the United States against Mr. Burns for taxes are the same in the present action as those asserted in its counterclaim against Mr. Burns in the 1999 WDKY. Transfer is warranted and required in the interest of justice and judicial economy.

<u>In the Alternative, A Stay or Dismissal of the Matter is Appropriate</u>

In addition to the statutory law permitting the transfer sought in 28 U.S.C.A. § 1404(a), federal case law permits a district court to transfer, stay or even dismiss an action when a similar complaint was filed first in another court. Courts consider which case was filed first, the similarity of the subject matter and the similarity of the parties. Here, *Tommie Burns, Jr. v. United States of America*, Civil Action No. 3:99-CV-727-C was filed first, between the same parties and involved the very same claim asserted by the United States in the present action. The convenience factor would weigh heavily in favor of transferring the case to the place in which the defendant resides, or in the alternative, staying the second matter until such time as any remaining issues are resolved in the WDKY. See, e.g., *Ward*

*v. Follett Corp.*, 158 F.R.D. 645 (N.D. Cal. 1994); *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F.Supp. 161, 167 (S.D.N.Y. 1992).

It is a well-settled principle under federal law that this Court is permitted not only to transfer venue to the WDKY, but to stay or even dismiss the action pending before it in light of actions previously filed in the WDKY. See, e.g., *Hartford Underwriters Ins. Co. v. Foundation Health Servs. Inc.*, 359 F. Supp. 2d 1297, 1299-1300 (M.D. La. 2005).

## CONCLUSION

The United States has previously pursued the claim asserted against Mr. Burns in this Court in the WDKY and a settlement was reached. That issue is *res judicata*. It also sued Mr. Burns in the WDKY to enforce the settlement agreement. The agreed upon amount of settlement was tendered by Mr. Burns and the check never negotiated. The WDKY is already familiar with these parties and is educated on the facts and issues of this case. The case presently before this Court should not be allowed to proceed to avoid the risk of discord among the relevant district courts and the inevitable waste of judicial resources. This Court should sever the Burns matter from the Segal matter and transfer the Burns matter to the WDKY, or, in the alternative, stay the proceeding before it until such time as the matter has been addressed by the WDKY or dismiss these proceedings as to Mr. Burns.

Respectfully Submitted By:

Thomas E. Buck, Esq.
W.Va. Bar ID # 6167
Daniel Tomassetti, Esq.
W.Va. Bar ID # 4367
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV   26003
Telephone: (304) 233-3100
Fax: (304) 233-0201
E-mail:tbuck@baileywyant.com
E-mail: dtomassetti@baileywyant.com
*Counsel for Tommie Burns*

CERTIFICATE

I hereby certify that on the _____ day of _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

DANIEL W. DICKINSON JR.               Counsel for Plaintiff, United States of America
Assistant United Stated Attorney
Dan.Dickinson@usdoj.gov


MICHAEL J. SALEM                      Counsel for Plaintiff, United States of America
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Michael.J.Salem@usdoj.gov


I further hereby certify that I have mailed on the same date, by United States Postal Service, the document to the following non-CM/ECF participants as a courtesy:

F. LARKIN FORE   Kentucky Counsel for Defendant, Tommie Burns,
SARAH FORE WHITTLE               Jr., in WDKY Civil Action No. 3:99-CV-727-C
FORE, MILLER & SCHWARTZ
First Trust Center, Suite 700 N.
200 South Fifth Street
Louisville, Kentucky 40202
flfore@foreandschwartz.com
sfore@foreandschwartz.com


Thomas E. Buck, Esq.
W.Va. Bar ID # 6167
Daniel Tomassetti, Esq.
W.Va. Bar ID # 4367