IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:08-CV-3 |
| ) | |
| GEORGE S. SEGAL ) | |
| ) | |
| and ) | |
| ) | |
| TOMMIE BURNS JR. ) | |
| ) | |
| Defendants ) | |

**Defendant Burns' Reply to the United States' Opposition to Burns'
Motion to Transfer Venue or For Stay or Dismissal**

Comes the Defendant, Tommie Burns, Jr. ("Mr. Burns"), by counsel, and files this Reply to the United States' Opposition to Burns' Motion to Transfer Venue or For Stay or Dismissal (the "Opposition").

A.   The United States admits Mr. Burns' recitations of the facts are accurate.

The United States admits in the Opposition that Mr. Burns has accurately represented in Defendant Burns' Motion for Transfer of Venue, Or, In the Alternative, Motion to Stay or Dismiss (the "Burns Motion") what has occurred in both proceedings previously filed in the Western District of Kentucky. The first suit was filed by Mr. Burns and the second suit was filed by the United States. It admits that the matter currently pending before this Court addresses the same tax issues between the same two parties that were addressed in the Western District of Kentucky in *Tommie Burns, Jr. v. United States of America*, Civil Action No. 3:99-CV-727-C (hereinafter referred to as "Action No.

1

3:99-cv-727"). The United States specifically admits that "the taxes at issue in [Action] No. 3:99-cv-727 are the same taxes at issue in the suit at bar." (Opposition, p. 2)

The United States' only issue with Mr. Burns' recitation of the facts is that after the Western District of Kentucky found that an enforceable settlement had in fact been reached between Mr. Burns and the United States on the tax issue now before this Court, the case was dismissed without prejudice by order entered July 23, 2003 and stricken from the docket. See July 23, 2003 Order attached hereto as Exhibit A. Mr. Burns notes that the order referenced specifically states: "The parties shall tender an agreed order dismissing this case with prejudice within 45 days of the entry of this Order. The Court **will entertain a motion to redocket this action** upon application to this Court within 45 days from entry of this Order **if the settlement is not consummated**." (Emphasis added.)

Because the parties could not agree upon an order, no agreed order dismissing the case with prejudice was filed or entered. However, the United States now claims the settlement was not consummated. According to the July 23, 2003 order, the Western District of Kentucky contemplated that the parties could file a "motion to redocket" the action despite it being stricken from the active docket in the event either party had an issue with the settlement. The United States' present claim is that settlement was not consummated and that matter should be re-docketed in and addressed by the Western District of Kentucky to be resolved once and for all.

B.   The United States' argument that the case cannot be transferred is without merit.

As its first basis for denying Burns' Motion to transfer venue to the Western District of Kentucky, the United States argues there is no pending case in the Western District of Kentucky such that the action before this Court cannot be transferred there or dismissed. Both the district court judge (Hon. Jennifer Coffman) and the magistrate judge (Hon. James B. Moyer) involved in Action

No. 3:99-CV-727-C still preside in the Western District of Kentucky, Louisville Division. Although the case was removed from the active docket when the matter appeared to be resolved in 2003 after the parties reached a settlement agreement found by the court to be enforceable, it remains accessible for motions through the ECF/Pacer systems, where one of the options is to re-open the case upon motion to the Western District of Kentucky. While the United States suggests that Mr. Burns can assert accord and satisfaction and any other defenses to the litigation filed in this Court, that is the very point - Mr. Burns and the United States have already addressed that matter to the Western District of Kentucky and Magistrate Judge Moyer entered his Findings of Fact, Conclusion of Law, and Recommendation concluding that an enforceable settlement agreement ***had been reached*** and issuing sanctions against the United States for its conduct related to the settlement. As discussed in further detail *infra*, the United States did not object to or appeal the Findings of Fact, Conclusion of Law, and Recommendation adjudicating the issue of whether there was an enforceable settlement agreement and that matter is *res judicata*.

    C.    <u>As an alternative, the action should be stayed until the matter is redocketed in the Western District of Kentucky</u>

In the event the Court entertains denying this motion to transfer based on the United States' contention that the case *cannot* be transferred to the Western District of Kentucky because there is no action pending there, Mr. Burns requests that this action be stayed until such time as he has made a motion to re-docket the matter in the Western District of Kentucky and the Western District of Kentucky rules on that motion. This would resolve this simple issue instead of allowing it to be the unsupported basis for rejecting Mr. Burns' motion to transfer venue.

    D.    <u>The breach of contract claim is not pursued herein by the United States and does not support denying Mr. Burns's motion for transfer of venue.</u>

As its second basis for denying the Burns Motion, the United States claims that Mr. Burns has breached the settlement agreement that arose out of the Western District of Kentucky Action No. 3:99-cv-727. The United States admits that the facts alleged by Mr. Burns regarding the settlement are true. It admits a settlement on the very claims now pursued by the United States in this Court was reached at a settlement conference conducted by Magistrate Judge Moyer. It further admits that when challenged as unenforceable by the United States, the Western District of Kentucky specifically found an enforceable settlement agreement had been reached and that the United States was bound by the agreement. The United States' only issue is that Mr. Burns did not pay the settlement amount within thirty days of the settlement. However, the agreement was the settlement amount became payable thirty days after the agreement was entered, not that the United States would be paid within thirty days.

It is interesting that the United States makes the claim in its Opposition that Mr. Burns has breached the settlement agreement but made no such claim in its Complaint. In fact, it did not even mention that there was a prior lawsuit and settlement agreement on the very issue presented to this Court. If its true claim is that the settlement agreement was breached, that would be properly addressed by the Western District of Kentucky where the settlement was reached during a settlement conference before Magistrate Judge Moyer and where the United States previously brought suit against Mr. Burns. See *United States of America v. Tommie Burns, Jr.*, Civil Action No. 3:04-CV-00296-R, claiming breach of contract as to the settlement, Exhibit 9 to Burns' Motion. The Complaint filed by the United States in this Court ignores the prior lawsuit and settlement and seeks to start from scratch. However, the United States cannot rely upon a claim of breach of the settlement agreement as the basis for *not* transferring this case when no such determination has been

made to that affect *and* it has failed to even assert such a claim in its Complaint filed herein. Even if such a claim had been asserted by the United States, it is more appropriately addressed in the district where the settlement was reached and found to be enforceable. Claiming there was a breach does not make it so such that the entire previous lawsuit, settlement, and Western District of Kentucky order can be ignored as if it never happened. Further, the United States' argument that they are somehow entitled to a "do-over" due to the alleged breach of contract is not supported whatsoever in its brief or under the law. It certainly does not support its Opposition to the transfer to the court in which the United States previously pursued this claim and reached a settlement with Mr. Burns. In fact, it only shows why the case needs to be transferred.

      E.    <u>Payment was tendered by Mr. Burns, and the claim of nonpayment does not render void the settlement agreement or the adjudication by the Western District of Kentucky that the settlement agreement was enforceable.</u>

There is no dispute that Mr. Burns did not pay off its debt to the United States due to the settlement agreement until April 7, 2006. However, at that time, he did tender payment to the United States in the amount of the settlement plus the amount of interest *the United States claimed he owed as of that date*. As discussed in the Burns' Motion, he reported to the United States when it called upon him to pay the settlement that he was unable to pay at the time but expected to be able to pay the full amount following an impending business transaction. As recounted in the Opposition, the United States filed suit against Mr. Burns in the Western District of Kentucky for breach of contract to obtain a judgment against him, but the United States later voluntarily dismissed the action.

The United States also relies upon a letter written by Michael Salem (counsel for the United States in both Western District of Kentucky cases and in this case) to F. Larkin Fore (counsel for Mr.

5

Burns in the Western District of Kentucky cases) demanding payment of the settlement amount reached in case Action No. 3:99-cv-727. Again, this is not in dispute. Mr. Burns has admitted he believed he would be able to pay the full amount at various times, but was unable to do so until April of 2006 when he tendered payment. When Mr. Burns was able to make payment, Mr. Fore called Mr. Salem to inform him that Mr. Burns had the money to pay the settlement and asked what Mr. Burns owed in interest and fees to date on the settlement amount agreed upon in Action No. 3:99-cv-727. See Affidavit of F. Larkin Fore, Exhibit B hereto. In response, Mr. Salem sent Mr. Fore a letter which confirmed Mr. Fore had "inquired about the current payoff amount on Tommie Burns Jr.'s debt to the United States...." He also confirmed that the amount to be paid by Mr. Burns to the United States according to the settlement agreement was $88,195.75. He then explained that it was his position that payment was due August 23, 2003 and the total owed as of that letter based on the statutory interest rate would be $101,147.10 (with $12,951.53 attributed to interest from the date payment was due). See Salem letter referenced in and attached to the Fore Affidavit, Exhibit B hereto.

On or before April 7, 2006, Mr. Burns caused payment in the amount of $101,247.10 to be made to Mr. Fore, which was deposited into the Fore & Schwartz Escrow Account at National City Bank. See Affidavit of Janet M. Ballard and supporting documentation, Exhibit C hereto. On the same date, Mr. Fore sent a letter to Mr. Salem advising that he was enclosing a check in the amount of $101,247.10, one hundred dollars over the amount Mr. Salem had advised Mr. Burns owed to date, in case any additional interest had accrued since the date of Mr. Salem's letter. He also enclosed a check payable to the U.S. Treasury in the amount of $101,247.10 written from his escrow account as well as an Order of Satisfaction he requested that Mr. Salem sign to be filed in Action No 3:99-cv-727. See Fore Affidavit, Exhibit B, and copies of the referenced letter, check and order of satisfaction

attached thereto. The deposit by Mr. Burns in the amount of $101,247.10 on April 7, 2006 and the check to the United States Treasury, Check No. 2167, in that amount the same day were recorded in Mr. Fore's escrow account. See Ballard Affidavit, Exhibit C, and supporting documentation attached thereto.

When the escrow check tendered to the United States had not cleared by June 1, 2006, Mr. Fore wrote a letter to Mr. Salem to advise him of such and to request that he advise of the status. See Fore Affidavit and letter referenced, Exhibit B. Mr. Fore believes based on memory that he followed with several calls to Mr. Salem thereafter but candidly advised he was unable to locate any phone records documenting such. Neither Mr. Salem nor the United States ever responded to the letter sent or the phone calls from Mr. Fore recollects making. See Fore Affidavit, Exhibit B. Neither the letter nor the check was returned to Mr. Fore. See Fore Affidavit and Ballard Affidavit, Exhibits B and C hereto. The amount tendered to the United States ($101,247.10) remains in Mr. Fore's escrow account to date. See Ballard Affidavit, Exhibit C.

It is specifically noted that Mr. Salem does not deny in his affidavit receiving the inquiry from Mr. Fore as to the amount owed. He also does not deny writing the letter advising of the amount owed by Mr. Burns under the settlement agreement plus interest as of that date. Mr. Salem does not deny receiving the letter, the check in the amount of $101,247.10 and an order of satisfaction from Mr. Fore. He does not deny receiving the follow-up letter asking why the check had not been cashed, nor receiving phone calls from Mr. Fore regarding these matters. Mr. Salem will only go as far as to say that the check should have been inputted in the system. See Declaration of Michael J. Salem, Exhibit D hereto.  That would be failure on the part of the United States. It is not the fault of Mr. Burns.

There is ample proof that payment was tendered. While it is possible the United States received the check and it somehow did not get inputted or assigned a code, this does not explain why the United States would fail to respond altogether to a letter sent thereafter asking why the check had not been cashed. The fact is that the United States entered into an enforceable settlement agreement with Mr. Burns and Mr. Burns tendered payment in the settlement amount plus interest, plus one hundred dollars to cover any additional interest accrued based on the United States' own calculation of what was owed to date. The United States now claims the settlement is somehow void because it was not paid within thirty days and/or Mr. Burns' payment is not reflected in their system. The United States' error and/or choice to ignore the full payment tendered by Mr. Burns does not make the settlement any less enforceable, nor does it allow the United States to simply start from square one in a new district as if a settlement was never reached.

F. <u>The Western District of Kentucky has adjudicated that the parties reached an enforceable settlement on the United States' claim now pending in this Court and that issue, which was not appealed, is *res judicata*.</u>

While the United States argues that the merits of the case were never adjudicated in the Western District of Kentucky, it is undisputed that the issue of whether there was a settlement agreement and whether that agreement was enforceable against the United States has been adjudicated. Judge Moyer found an agreement had been reached and that the agreement was enforceable. Conclusions of Law, and Recommendation filed July 7, 2003 (the "Recommendation"). See Exhibit E. Judge Moyer specifically included a "Notice" within the Recommendation that any objections to the recommendation had to be filed within ten (10) days after being served, citing to Fed.R.Civ.Pro. 76(b). He also gave notice that if either party failed to object within ten (10) days, it would **waive further appeals**, citing *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984 and 28 U.S.C.

§ 636(b)(a)(C). In *Thomas*, the Sixth Circuit found that the appellant's failure to file written objections to the report and recommendation of the magistrate judge was a waiver of an appeal and thus her habeas corpus petition was properly dismissed on that basis by the district court. *Id.* at 815.

Despite the admonition in Judge Moyer's Recommendation, the United States filed no objection and made no appeal. Its failure to object to the Recommendation within the given period was a waiver of any and all rights the United States had to object to or appeal the Recommendation. *Id.* There was no need for litigation and adjudication of the tax claim because the matter was settled in total. That decision cannot be ignored. The issue of whether there is an enforceable settlement agreement between the United States and Mr. Burns on the issue presented to the Court is *res judicata*. There is also no doubt that issue will have to be litigated and decided again in this Court if the relief sought is not granted, leading to waste of judicial economy and a risk of inconsistency between the districts. Even if it were not *res judicata*, that matter would be more efficiently addressed in the Western District of Kentucky due to the prior proceedings before it on this matter.

Despite the fact that both parties agree there was a settlement and agree on the amount of the settlement and agreed on the amount owed by Burns to the United States when Burns tendered payment, the United States offers as a basis for denying the relief sought by Mr. Burns that there is some disagreement between the parties about the terms of the settlement based on the second lawsuit filed in the Western District of Kentucky by the United States. It fails to state what the alleged disagreement is or what effect it has on this case. In any event, there was no disagreement when Mr. Burns tendered payment in an amount in excess of the amount Mr. Salem advised he owed under the settlement agreement on April 7, 2006. After carrying on for so long to get Mr. Burns to pay the settlement amount agreed upon, the United States suddenly became eerily silent once payment was

tendered. It remained silent despite Mr. Fore's letter pointing out that the check had not been negotiated and requesting a status update. The United States remained silent and ignored Mr. Burns for two years before filing a brand new lawsuit covering the same old issues as if the other lawsuits had never taken place. The United States has given no valid basis for denying the relief requested by Mr. Burns and has only demonstrated that its motive is to once again attempt to escape the settlement agreement entered by the parties.

### G.  28 U.S.C. § 1404(a) supports the Burns Motion to transfer venue to the Western District of Kentucky.

As set forth in the Burns Motion and as stated by the United States at page 9 of the Opposition, the decision to transfer this case to the Western District of Kentucky is within the sound discretion of this Court. See 28 U.S.C. § 1404(a) ("§ 1404"). There is a plethora of caselaw that supports the transfer of venue in this case. For example, the United States Supreme Court in *Van Dusen v. Barrack*, 376 U.S. 612 (1964) states that the purpose of § 1404 is to give district courts the discretion to transfer venue to another district court to prevent waste and expense:

> [T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense....' To this end it empowers a district court to transfer 'any civil action' to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice.

*Id.* at 616 quoting *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960) (other citations omitted). There is no denying there would be a waste of time, energy and money if this Court were to keep the case and have to retrace the steps of the parties and the decisions rendered by the Western District of Kentucky when those matters happened in, were adjudicated by and can still be addressed by the Western District of Kentucky. Not only did the United States previously file

a counterclaim against Mr. Burns on this same issue in the Western District of Kentucky, it then filed its breach of contract case against Mr. Burns in the Western District of Kentucky. Venue was proper there then and it is proper there now. Further, it would not just be a waste of Mr. Burns' and the Court's time, energy and money to address the matter again in this Court, but it would be a waste of the taxpayers' money for the United States to be permitted to continue harassing Mr. Burns when they have reached a settlement, Mr. Burns paid the money owed, and the United States inexplicably did nothing with the check.

The United States replies to the Burns Motion as if Mr. Burns were simply complaining that it is an inconvenient forum. That is not the case and the Fourth Circuit has made clear that § 1404(a) "is more lenient in authorizing transfers than is common law doctrine of *forum non conveniens.*" *Akers v. Norfolk & W. Ry. Co.,* 378 F.2d 78, 79 (4th Cir. 1967) citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 31 (1955). While plaintiffs are generally permitted to select their forum, there is an exception under the law when there are facts of convenience which are sufficiently important to the parties and the court. *Ellicott Mach. Corp. v. Modern Welding Co., Inc.,* 502 F.2d 178 (4th Cir. 1974). Here, it benefits not just Mr. Burns (as claimed by the United States) but the entire justice system to have the matter transferred to the Western District of Kentucky and finally resolved before the court that is most familiar with the case and its issues. It is apparent the United States' interest lies not in obtaining the settlement amount agreed upon but in being permitted to try for a different judgment before this Court. Plaintiffs are simply not entitled to try out multiple forums until they get the result they seek and such forum shopping by the United States of all plaintiffs should not be indulged.

The Court is respectfully requested to use the discretion it clearly has pursuant to § 1404(a) to grant Mr. Burns' motion seeking a transfer of venue to the Western District of Kentucky, where

11

the court is familiar with the facts and issues presented to this Court. Granting the transfer will avoid the risk of discord among the districts and prevent the inevitable waste of judicial resources in allowing the case to proceed in this Court. Mr. Burns notes that the claims filed by the United States against the only other named defendant in this action, George S. Segal, have been dismissed. Therefore, there remains no obstacle to transferring the remaining claim against Mr. Burns to the Western District of Kentucky where the United States previously pursued the cause of action it now pursues in this Court against Mr. Burns.

## Conclusion

The Western District of Kentucky is in the best position to determine (and in fact has already determined) what happened at the settlement conference regarding the United States' cause of action now pending before this Court, the effect of its Recommendation and the ramifications of the parties' actions in relation thereto. The issue of whether a settlement was reached on the very tax issue now before this Court has already been addressed and adjudicated by the Western District of Kentucky. The issue is *res judicata* per the Recommendation which was not objected to or appealed by either party. The case should be transferred there to address any outstanding issues instead of wasting the time and resources of the Court and the parties in re-litigating the issues.

In the alternative, the Court is respectfully moved to stay this action until such time as Mr. Burns can move to re-docket the case in the Western District of Kentucky to require the United States to accept payment of the agreed upon settlement amount. Finally, Mr. Burns moves in the alternative for a dismissal altogether of this action in light of the previous actions filed in the Western District of Kentucky.

Respectfully Submitted By:

/s/ Daniel Tomassetti

Daniel Tomassetti, Esq.
W.Va. Bar ID # 4367
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV  26003
Telephone: (304) 233-3100
Fax: (304) 233-0201
E-mail:dtomassetti@baileywyant.com
*COUNSEL FOR DEFENDANT*
*TOMMIE BURNS, JR.*

## CERTIFICATE

I hereby certify that on the 17th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

DANIEL W. DICKINSON JR.
Assistant United Stated Attorney
Dan.Dickinson@usdoj.gov
*Counsel for Plaintiff, United States of America*

MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Michael.J.Salem@usdoj.gov
*Counsel for Plaintiff, United States of America*

I further hereby certify that I have mailed on the same date, by United States Postal Service, the document to the following non-CM/ECF participants as a courtesy:

F. LARKIN FORE
FORE, MILLER & SCHWARTZ
First Trust Center, Suite 700 N.
200 South Fifth Street
Louisville, Kentucky 40202
flfore@foreandschwartz.com
*Kentucky Counsel for Defendant, Tommie Burns, Jr., in Civil Action No. 3:99-CV-727-C*

Daniel Tomassetti, Esq.
W. Va. Bar ID # 4367