IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               Civil Action No. 5:08CV3
                                      (STAMP)
TOMMIE BURNS, JR.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO TRANSFER CASE**

I.   Procedural History

The United States of America ("the Government") brought this civil action against Tommie Burns, Jr. ("Burns") for failure to pay federal employment taxes of OMSC Shirt Corporation.[1]  Subsequently, Burns filed a motion to transfer venue, or, in the alternative, to stay or dismiss the action.  The Government then filed a response in opposition, and Burns filed a reply thereto.  Burns' motion to transfer is now fully briefed and ripe for review.  For the reasons stated below, this Court finds that the motion should be granted.

II.   Facts

In 1999, Burns filed suit against the Government in the United States District Court for the Western District of Kentucky (Burns v. United States, Civil Action No. 3:99-cv-727-C).  In that action, Burns alleged that the Government had wrongly asserted a tax

---

[1]Also named in the suit as initially brought was George S. Segal, who was subsequently dismissed as a defendant by the United States.

penalty against him, which the Government had partially collected, related to the payment of employment taxes of OMSC Shirt Corporation. The Government filed a counterclaim for the unpaid portion of the taxes, plus penalties and interest. Burns alleges, and the Government does not dispute, that the action presently before this Court relates to the same tax assessment, penalty, and interest at issue in the case brought in the Western District of Kentucky.

The parties reached a settlement agreement in Civil Action No. 3:99-cv-727-C, which the Western District of Kentucky recognized by entry of an order on July 23, 2003.[2] That order also dismissed the action without prejudice; ordered the parties to tender an agreed order dismissing the case with prejudice within forty-five days of the entry of the order; and stated that the court would entertain a motion to re-docket the action upon application to that court within forty-five days of the entry of the order if the settlement was not consummated. No further action appears to have been taken in that case. However, on May 18, 2004, the Government filed a breach of contract claim in the same court (<u>United States v. Burns</u>, Civil Action No. 3:04-cv-296-R), alleging that Burns had failed to comply with the terms of settlement agreement reached in Civil

---

[2]The Government had previously disputed that the parties had in fact reached a settlement agreement. However, the magistrate judge presiding over that dispute determined that a settlement agreement had been reached.

Action No. 3:99-cv-727-C. Subsequently, the Government filed a motion to dismiss without prejudice Civil Action No. 3:04-cv-296-R. The court granted the Government's motion on January 6, 2005. According to Burns, approximately three months after the dismissal of Civil Action No. 3:04-cv-296-R, the attorney representing Burns in the Kentucky actions submitted payment on Burns' behalf for the agreed settlement amount, plus interest. The Government claims that it did not receive the funds, and Burns acknowledges that the check was never negotiated. Burns claims that the Government failed to respond to telephone calls from his Kentucky counsel regarding the uncashed check, nor did the Government communicate with Burns or his counsel in any manner until it filed the complaint in this action.

Burns believes that the issues the Government seeks to litigate in the action before this Court are the same issues the parties have previously litigated in the two Kentucky actions and, therefore, the case should be transferred to the district court in which those cases were litigated, i.e., the United States District Court for the Western District of Kentucky, because in the action before this Court, the Government seeks to litigate the precise claim that it previously brought as a counterclaim in Civil Action No. 3:99-cv-727-C, because that claim was settled, and because the Government thereafter instituted a breach of contract action (Civil Action No. 3:04-cv-296-R) against Burns for failure to meet his

3

obligations under the settlement agreement reached in Case No. 3:99-cv-727-C. According to Burns, the Western District of Kentucky is the more appropriate forum for this case because that court is already familiar with the background facts and procedural history. Burns also claims that any issues concerning the settlement agreement are barred by the rules of res judicata. In light of the Western District of Kentucky's familiarity with the parties' previous claims and underlying facts, Burns argues, judicial economy and the interests of justice are best served by transfer.

In the alternative, Burns contends, this Court should stay or dismiss the action to permit any remaining issues requiring judicial involvement to be resolved in the action that he initiated in the Western District of Kentucky (Civil Action No. 3:99-cv-727-C), which was brought filed this suit and which involves the same subject matter and the same parties.

The Government opposes transfer. The Government offers four reasons for its opposition. First, to the extent that res judicata is implicated, it is an affirmative defense that Burns can raise in this action, not a reason supporting transfer. Second, to the extent that accord and satisfaction concerning the settlement in Civil Action No. 3:99-cv-727 affords a defense, it, too is appropriately raised as such in this action and does not constitute a basis for transfer. Third, to the extent that Burns seeks to

4

consolidate this action with one of the actions brought in the Western District of Kentucky, he cannot do so because both of those actions have been dismissed, which leaves no case remaining in the Western District of Kentucky with which this action can be consolidated. Finally, the Government contends that the balancing of factors for determining whether to transfer weighs in favor of retaining the case in this judicial district.

The Government also opposes staying or dismissing this action. According to the Government, the action should not be stayed or dismissed because Burns' suit against the Government in the Western District of Kentucky was dismissed without prejudice, and neither party filed an appeal. Consequently, the Government asserts, no litigation is pending in the Western District of Kentucky that would require or permit this Court to stay or dismiss this action. Additionally, the Government contends that the Western District of Kentucky's dismissal of Civil Action No. 3:99-cv-727-C without prejudice means that neither issue preclusion nor claim preclusion attaches. The Government also asserts that its breach of contract claim was dismissed without prejudice and that, therefore, no res judicata effect attaches to Civil Action No. 3:04-cv-296-R.

### III. Legal Standard

A motion to transfer a case to another venue is subject to the provisions of 28 U.S.C. §§ 1404(a) and 1391(a). Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action

to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The question of where a civil action based solely on diversity of citizenship "might have been brought" is answered in 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

For a civil action which is not based wholly on diversity of citizenship, 28 U.S.C. § 1391(b) answers the question of where such action "might have been brought":

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

The decision to transfer venue rests in the sound discretion of the trial judge. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

Alpha Welding & Fabricating Co. v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D. W. Va. 1993). The movant, here Burns, typically bears the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). The Supreme Court of the United States has further stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (superseded by statute on other grounds).

## IV. Discussion

The parties do not dispute that this action might have been brought in the Western District of Kentucky. Therefore, this Court must determine only whether transfer is warranted "[f]or the convenience of parties and witnesses, in the interest of justice." Based upon the circumstances and background of this case, this Court finds that the United States District Court for the Western District of Kentucky provides the most appropriate venue.

Although some considerations of convenience may weigh somewhat in favor of venue in this Court--for example, some of the witnesses and documents are located in this judicial district--the interests of justice militate heavily in favor of venue in the Western District of Kentucky, primarily because the issues arising in the complaint filed here have already been before the Western District of Kentucky and that court is more familiar with the factual background. Therefore, deciding issues of res judicata and accord and satisfaction, including the effect of earlier dismissals without prejudice, can be best addressed by the district court judge and magistrate judge in that district. Weighing the factors under the circumstances of this case, this Court finds that transfer to the United States District Court for the Western District of Kentucky is appropriate.

V. Conclusion

For the above reasons, the defendant's motion to transfer the case to the United States District Court for the Western District of Kentucky is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion to counsel of record herein and to the Clerk of the United States District Court for the Western District of Kentucky.

DATED:      December 18, 2008


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE